IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.: 20-CV-82129–WPD

HOWARD COHAN,

    Plaintiff,

vs.

FLAPAN, LLC,
a Florida Limited Liability Company,
d/b/a PANERA BREAD,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant FLAPAN, LLC ("Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff HOWARD COHAN's ("Plaintiff"), Complaint as follows:

**JURISDICTION AND VENUE**

1. Defendant admits that this Court has jurisdiction over Plaintiff's action, but denies that it is liable for such action or that Plaintiff is entitled to any relief.

2. Defendant admits that this is a venue for Plaintiff's action, but denies that it is liable for such action or that Plaintiff is entitled to any relief.

**PARTIES**

3. Defendant is without knowledge as to Plaintiff's alleged residency and denies all the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4 as phrased.

5. Defendant admits that is authorized to conduct business in the state of Florida, as alleged in paragraph 5.

6. Defendant is without knowledge as to the allegations contained in paragraph 6, and therefore denies the allegations.

7. Defendant is without knowledge as to the allegations contained in paragraph 7, and therefore denies the allegations.

8. Defendant is without knowledge as to the allegations contained in paragraph 8 and denies that it is liable to the Plaintiff and that the Plaintiff is entitled to any relief, and therefore denies the allegations.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant is without knowledge as to the allegations contained in paragraph 10 and denies that it is liable to the Plaintiff and that the Plaintiff is entitled to any relief, and therefore denies the allegations.

11. Defendant is without knowledge as to the allegations contained in paragraph 11 therefore denies the allegations.

12. Defendant is without knowledge as to the allegations contained in paragraph 12 and denies that it is liable to the Plaintiff and that the Plaintiff is entitled to any relief, and therefore denies the allegations.

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

13. The Defendant re-asserts the responses to Paragraph 1-12 above.

14. The allegations contained in Paragraph 14 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 as phrased.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24 as phrased.

25. Defendant denies the allegations contained in Paragraph 25.

26. The allegations contained in Paragraph 26 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 27 of the Complaint.

*Cohan* vs. *Flapan, LLC*
Case No.: 20-CV-82129–WPD
Page | 4

28. Defendant is without knowledge as to the allegations contained in paragraph 28 and denies that it is liable to the Plaintiff and that the Plaintiff is entitled to any relief.

29. Defendant denies the allegations contained in Paragraph 29 as phrased.

30. The allegations contained in Paragraph 30 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint are not factual assertions, but pure propositions of law for which no response in required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 31 of the Complaint.

In response to the unnumbered WHEREFORE paragraph following paragraph 31, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

Defendant also denies all allegations not specifically admitted herein.

*Cohan* vs. *Flapan, LLC*
Case No.: 20-CV-82129–WPD
Page | 5

## **AFFIRMATIVE DEFENSES**

Defendant, FLAPAN, LLC, states the following Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of law.

2. The Complaint seeks accommodations and modifications of Defendant's facilities or leased facilities and procedures that are not required by applicable law.

3. Some or all of the accommodations and modifications sought in the Complaint are not readily achievable, would cause a significant risk, are unsafe, are structurally impracticable, are technically infeasible, are virtually impossible, would fundamentally alter the nature of the goods and services offered, and/or would impose an undue hardship.

4. Plaintiff lacks standing, has sustained no injury in fact, and has not suffered concrete, actual or imminent injury traceable to Defendant's acts or omissions that are likely to be redressed in this action. Plaintiff has no real, sincere, or honest intention of returning to the property.

5. To the extent that there are any violations of the ADA, which Defendant explicitly denies, Defendant's actions were undertaken in good faith belief that they were lawful and in full compliance with the ADA.

6. Defendant's facilities passed state, local, and/or federal government inspection and permitting requirements and Defendant complies with all applicable requirements, codes, regulations & laws.

7. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches in that Plaintiff failed to take reasonable measures to learn of or use the accessible facilities at the

location at issue in this lawsuit. Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to any part of the location at issue in this lawsuit prior to filing suit.

8. Plaintiff is not entitled to an injunction because he has failed to show a real and immediate threat of future harm.

9. Plaintiff is not entitled to any relief, including recovery of attorney's fees, because he failed to provide Defendant with notice of the alleged violations or an opportunity to cure.

10. Plaintiff is not entitled to recover attorney's fees or costs because Plaintiff is not entitled to any underlying relief against Defendant.

11. Any failure by Defendant to remove architectural barriers that are structural in nature in its existing facility is excused to the extent that such removal is not readily achievable.

12. Any failure by Defendant to make its goods, services, facilities, privileges, advantages and/or accommodations available through alternative methods, which Defendant explicitly denies, is excused to the extent that such alternative methods are not readily achievable.

13. Any failure by Defendant to provide access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations located at the location, which Defendant explicitly denies, is excused to the extent it is structurally impracticable to do so.

14. Any failure by Defendant to provide access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations located at the location, which Defendant explicitly denies, is excused to the extent Defendant has provided substantially equivalent or greater access to and use of its facilities.

15. Any failure by Defendant to provide access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations located at the location,

which Defendant explicitly denies, is excused to the extent doing so would impose an undue burden on Defendant.

16. Defendant reserves the right to modify or supplement these defenses as discovery continues, including those which may be disclosed or discovered through further assertions by Plaintiff through discovery.

WHEREFORE, for the foregoing reasons, Defendant respectfully prays that the Complaint in this action, being utterly without merit, be dismissed in its entirety that Defendant recover its costs, including attorney's fees and expert witness fees incurred in defending this action through all appeals and that Defendant have such other and further relief, both general and special, to which it may show itself justly entitled, whether at law or in equity.

This 6th day of January, 2021.

Respectfully submitted,

**ZUMPANO CASTRO, LLC**
*Counsel for Defendant*
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone: (305) 503-2990
Facsimile:  (305) 774-5908
Email: Joseph.Ruiz@ZumpanoCastro.com
and Carlos.Zumpano@ZumpanoCastro.com

By: */s/ Joseph Ruiz*
       JOSEPH R. RUIZ
       Florida Bar No. 65732

*Cohan* vs. *Flapan, LLC*
Case No.: 20-CV-82129–WPD
Page | 8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of January 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph R. Ruiz*
    **JOSEPH R. RUIZ, ESQ.**

## SERVICE LIST
Case No.: 20-CV-82129–WPD

*Counsel for Plaintiff:*
**Gregory S. Sconzo, Esquire**
Bar No. 0105553
**The Law Office of Gregory S. Sconzo, P.A.**
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, FL 33418
Telephone: (561) 729-0940
Facsimile: (561) 491-9459
**Service Email:** sconzolaw@gmail.com
**Primary Email:** greg@sconzolawoffice.com
**Secondary Email:** sarah@sconzolawoffice.com